1  **DANIEL AZIZI, ESQ., State Bar No. 268995**
   **DOWNTOWN L.A. LAW GROUP**
2  601 N. Vermont Ave.
3  Los Angeles, CA 90004
   Tel: (213)389-3765
4  Fax: (877)389-2775
   Email: Daniel@downtownlalaw.com
5
6  Attorneys for Plaintiff
   MICHAEL RAYON
7

8

9              **UNITED STATES DISTRICT COURT**

10                  **DISTRICT OF CALIFORNIA**

11

12 | MICHAEL RAYON, an individual;          | Case No.:

13 |                                        | (UNLIMITED CIVIL ACTION)

14 |              Plaintiff,                 | **COMPLAINT FOR DAMAGES**

15 |        v.                               |   1. NEGLIGENCE
16 |                                        |   2. STRICT PRODUCTS
   | GENERAL MOTORS COMPANY, a              |      LIABILITY
17 | Delaware corporation; and DOES 1-25,    |
   | inclusive.                             |   [Civ. Code, §1714, subd.(a)]
18 |                                        |
   |              Defendants.                |
19
20
21
22
23

        COMES NOW, Plaintiff, MICHAEL RAYON, and alleges against Defendants,
24
   and each of them, as follows:
25
        1.      Defendant GENERAL MOTORS COMPANY is now, and at all times
26
   mentioned in this complaint was, a corporation organized and existing under the laws of
27
   the State of Michigan, with its place of business in Bingham Farms, County of Oakland,
28
   State of Michigan.

                                    **1**
                        **COMPLAINT FOR DAMAGES**

2.     Plaintiff does not know the true names of Defendant DOES 1 through 25, inclusive, and therefore sues them by those fictitious names. Plaintiffs are informed and believe, and on the basis of that information and belief allege, that each of those defendants was in some manner negligently and proximately responsible for the events and happenings alleged in this complaint and for Plaintiffs' injuries and damages.

3.     Plaintiff is informed and believes, and on the basis of that information and belief alleges, that at all times mentioned in this complaint, defendants were the agents and employees of their codefendants, and in doing the things alleged in this complaint were acting within the course and scope of that agency and employment.

4.     As used herein the term "Defendant" means all Defendants, both jointly and severally, and references by name to any named Defendant shall include all Defendants, both jointly and severally.

5.     The term "Plaintiff," as used in this whole complaint means all Plaintiffs, the singular includes the plural, and the plural includes the singular.

6.     Defendants are now, and at all times mentioned in this complaint were, in the business of designing, manufacturing, constructing, assembling, inspecting, selling, distributing and retailing various types vehicles, including Chevrolet Cobalts.

7.     Defendants are now, and at all times mentioned in this complaint were, in the business of inspecting, maintaining, installing, and selling at retail to members of the public various types vehicles, including Chevrolet Cobalts.

## NATURE OF THE ACTION

8.     This is a civil action arising out of a serious, permanent, life scaring, and post-crash personal injuries sustained by Plaintiff Michael Rayon on July 14, 2017 in Freestone County, Texas, following a foreseeable collision that resulted in the factory installed airbags in said vehicle not activating and/or deploying.

## THE INCIDENT

9.     On July 14, 2017, Plaintiff was operating his 2007 Chevrolet Cobalt, VIN1G1AL15F477366648 (hereinafter the "Vehicle") and traveling south on IH 45 in

1  Fairfield, Texas. As Plaintiff traveled south on IH 45 his tire had a blowout and he lost

2  control of the vehicle. Said vehicle's rear end rotated left, cut across from the outside

3  lane to the inside lane and went into the barrow ditch.

4       10.    During the incident the factory installed airbags did not activate and/or

5  deploy upon impact.

6  **FIRST CAUSE OF ACTION**

7  **NEGLIGENCE**

8  (Against All Defendants)

9       11    Plaintiff incorporates by reference paragraphs 1 through 10 herein,

10  as though fully set forth here.

11       12.    Defendants, and each of them, at all times herein had a duty

12  manufacture, inspect and distribute retail products without design defects that cause

13  injury while the product is being used in a reasonably foreseeable way.

14       13.    Defendants breached their duty of care to Plaintiff when Defendants

15  unreasonably and negligently sold to and Plaintiff purchased from Defendants a 2007

16  Chevrolet Cobalt that previously had been designed, manufactured, constructed,

17  assembled, inspected, sold, distributed and retailed by Defendants.

18       14.    Plaintiff used the 2007 Chevrolet Cobalt on a regular basis, at which

19  time, unbeknownst to Plaintiff, the 2007 Chevrolet Cobalt was defectively designed

20  with, among other flaws, particularly dangerously defective and/or non-operational

21  airbags and thereby extremely unsafe.

22       15.    As a direct and proximate result of the negligence and carelessness of

23  defendants as described above, Plaintiff suffered the following serious injuries and

24  damages: Plaintiff was hurt and seriously injured in his health, strength and activity,

25  sustaining serious injuries to his body and severe shock and injury to his nervous

26  systems. All of which injuries have caused and continue to cause Plaintiff great mental,

27  physical and nervous pain and suffering, all to the Plaintiff's general damages in an

28  amount in excess of the jurisdictional minimum of this Court.

## SECOND CAUSE OF ACTION

## PRODUCTS LIABILITY

### (Against All Defendants)

16.     Plaintiff incorporates by reference paragraphs 1 through 10 and 11 through 15 herein, as though fully set forth here.

17.     At all times mentioned in this complaint, 2007 Chevrolet Cobalt and its component parts were defective as to design, manufacture, and warnings, causing the vehicle and its component parts to be in a dangerous and defective condition that made them unsafe for their intended use.

18.     Specifically, the mass-produced 2007 Chevrolet Cobalt purchased by Plaintiff varied from the state of the art as reflected in the design of similar products in its design and/or manufacture in that it contained dangerously defective and/or non-operational airbags. Further, Defendants failed to provide Plaintiff warning that the vehicle contained a defect at the time of purchase.

19.     Unaware of the hidden or concealed defect, Plaintiff used the 2007 Chevrolet Cobalt in an intended and reasonably foreseeable way when it caused the injuries.

20.     The defect of the dangerously defective and/or non-operational airbags was the legal and proximate cause of the personal injuries described above.

21.     Defendants' failure to adequately test its product as well as Defendants' awareness of the probable dangerous consequences of recklessly putting a vehicle with dangerously defective and/or non-operational airbags into the stream of commerce and willfully failing to avoid the foreseeable consequences was outrageous, despicable, malicious, oppressive and fraudulent under *Code of Civil Procedure* § 3294 such as to award Plaintiff punitive damages in an amount sufficient to deter future misconduct by defendants or other wrongdoers.

///

///

**4**

**COMPLAINT FOR DAMAGES**

1

2     WHEREFORE, Plaintiff prays for judgment against the Defendants, as follows:

3        1.      For general damages according to proof;

4        2.      For special damages according to proof;

5        3.      For punitive damages according to proof;

6        4.      Pre-judgment interest according to proof;

7        5.      Costs of suit incurred herein;

8        6.      Such other and further relief as the Court may deem just and proper.

9

10   DATED:  July 15, 2019                          **DOWNTOWN L.A. LAW GROUP**

11

12

13                                                   Daniel Azizi, Esq.
                                                     Attorneys for Plaintiff,
14                                                   MICHAEL RAYON

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**

## <u>JURY TRIAL DEMAND</u>

Plaintiff demands trial by jury of all issues so triable.

DATED:  July 15, 2019

**DOWNTOWN L.A. LAW GROUP**

Daniel Azizi, Esq.
Attorneys for Plaintiff,
MICHAEL RAYON

**COMPLAINT FOR DAMAGES**